IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINA KOLODRIVSKIY,<br><br>        Plaintiff,<br><br>  vs.<br><br>WACHOVIA MORTGAGE, FSB et al.,<br><br>        Defendants.<br>_____/ | CIV. NO. S-11-2236 GEB GGH PS<br><br><br><u>FINDINGS & RECOMMENDATIONS</u> |

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21).  It was removed from state court on August 4, 2011.  Defendant Wachovia filed a motion to dismiss and motion to strike on August 26, 2011, which were re-noticed on September 2, 2011 for hearing on October 6, 2011.  Plaintiff did not file any opposition to Wachovia's motions.  By order filed October 3, 2011, the hearing on the motions was vacated due to plaintiff's failure to file oppositions.

        Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  Failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."  E. D. Cal. L.R. 230(c).  More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal.

L.R. 110; see also E. D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. As discussed below, this is not the first time that plaintiff has failed to prosecute her claims. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that the action be dismissed.

Moreover, the court has evaluated the merits of Wachovia's motion to dismiss and finds that plaintiff's claims against Wachovia are barred by the principles of claim preclusion. Claim preclusion bars litigation in a subsequent action of "any claims that were raised or could have been raised in the prior action...The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve the same claims:

\\\\

>(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
>(2) whether substantially the same evidence is presented in the two actions;
>
>(3) whether the two suits involve infringement of the same right; and
>
>(4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).  "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts."  Owens, 244 F.3d at 714.

Here, plaintiff initially filed an action against Wachovia and defendant ETS Services, LLC ("ETS") in Sacramento County Superior Court challenging the non-judicial foreclosure proceedings involving her property.  That first action, filed January 3, 2011, was removed to this court on February 9, 2011.  (See 2:11-CV-00371-GEB-GGH.)  During that action, plaintiff failed to oppose Wachovia's motion to dismiss and failed to respond to the court's order to show cause for her failure to file an opposition.  Accordingly, on July 11, 2011, Wachovia was dismissed from the action with prejudice pursuant to Fed. R. Civ. P. 41(b).  Subsequently, on June 27, 2011, and before the first action was even dismissed, plaintiff filed the instant action against Wachovia and ETS, again challenging the foreclosure proceedings related to the same property.

Both actions involve the same parties, the same property, and substantially the same evidence.  In both actions, plaintiff alleges that Wachovia does not have the right to foreclose on the property on various theories, including the fact that Wachovia has not produced the original promissory note.  As such, both actions arise from the same "transactional nucleus of facts."  Furthermore, the first action resulted in a final judgment on the merits, because unless

otherwise specified, a dismissal pursuant to Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b); Owens, 244 F.3d at 714. Thus, the rights and interests established in the first action would be impaired by allowing plaintiff to proceed with a second action challenging the foreclosure proceedings. Accordingly, the instant action against Wachovia is barred by the principles of claim preclusion.

Dismissal of plaintiff's claims against the remaining defendant, ETS, is also warranted. ETS is the trustee for the deed of trust for plaintiff's property. In the first action, ETS was dismissed without prejudice, because plaintiff failed to move for default against ETS, and ETS had filed a "declaration of non-monetary status" pursuant to Cal. Civ. Code § 2924l indicating that it was a nominal defendant only. Plaintiff did not dispute ETS's declaration of non-monetary status. The case was then closed. In the instant action, prior to removal, ETS likewise filed a declaration of non-monetary status (see dkt. no. 1, at p. 6.), which plaintiff has again failed to dispute. As such, dismissal of the claims against ETS is appropriate.

In sum, plaintiff had an adequate opportunity in the first action to litigate her claims related to the foreclosure proceedings. Instead of opposing Wachovia's motion to dismiss in that action, she entirely ceased prosecuting that case and instead filed a new, essentially duplicative lawsuit. Now, plaintiff has again failed to oppose Wachovia's dispositive motion. Plaintiff's tactic of filing multiple cases for the purpose of delaying foreclosure proceedings should not be indulged. Dismissal of the entire case pursuant to Fed. R. Civ. P. 41(b) is warranted.

Accordingly, IT IS RECOMMENDED that:

1. This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2011

                                  <u>/s/ Gregory G. Hollows</u>
                                  UNITED STATES MAGISTRATE JUDGE

GGH:wvr
Kolodrivskiy.2236.41.wpd